IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIE WHITE, Jr.<br>    Plaintiff,<br><br>v.<br><br>SGT. TATIYANNA GONZALES, *et al.*,<br>    Defendants. | :<br>:<br>:<br>:  CIVIL ACTION NO. 22-CV-1226<br>:<br>:<br>: |

### MEMORANDUM

**ROBRENO, J.**                                                                                           **APRIL  14, 2022**

Plaintiff Willie White, Jr., an inmate at Lehigh County Jail ("LCJ"), filed this civil right action *pro se* naming as Defendants Sgt. Tatiyanna Gonzales, LCJ Director Janine Donate, and LCJ Warden Kyle Russel.  White seeks leave to proceed *in forma pauperis*.  For the following reasons, the Court will grant White leave to proceed *in forma pauperis* and dismiss his Complaint in part pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I.    FACTUAL ALLEGATIONS

White's allegations are brief.  He asserts that on August 26, 2021 "Sgt (now Lt.) Gonzales appeared in front of me holding something behind her back with [a] malicious look in her eyes.  Before I could take another step to elude her passage in front of me she stepped towards me [and] sprayed me in the eyes with O.C."[1] (Compl. at 5.)[2]  White also alleges that Gonzales sprayed him a second time in the mouth while he was already choking. (*Id*.)  He seeks money damages and to have Gonzales fired. (*Id*.)

---

[1] "O.C." is an apparent reference to oleoresin capsicum, a type of pepper spray.

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

## II.    STANDARD OF REVIEW

The Court will grant White leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.³ Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss White's Complaint if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As White is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.   DISCUSSION

White seeks money damages for violation of his constitutional rights.⁴ The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code, which provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction

---

³ Because White is a prisoner, he must still pay the $350 filing fee in installments as required by the Prison Litigation Reform Act.

⁴ While White cites the cruel and unusual punishment clause of the Eighth Amendment, since he is a pretrial detainee at LCJ his claims are properly analyzed under the due process clause of the Fourteenth Amendment. *See Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005).

thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A. Claims Against Defendants Donate and Russel

White names as Defendants Sgt. Gonzales, Director Janine Donate, and Warden Kyle Russel. Other than list them in the caption and the list of Defendants, White never mentions Director Janine Donate, and Warden Kyle Russel and makes no allegations that could be inferred to apply to them. For this reason, the claims against them are not plausible and will be dismissed without prejudice. White will be allowed to file an amended complaint with regard to these Defendants if he is able to allege plausible civil rights claims against them.[5]

---

[5] These Defendants appear to hold supervisory positions at LCJ. There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 575 U.S. 822 (2015). First, a supervisor may be liable if he or she "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id.* Generalized allegations that a supervisory defendant is "in charge of" or "responsible for" an office or facility are insufficient to allege personal involvement in an underlying constitutional violation. *See Saisi v. Murray*, 822 F. App'x 47, 48 (3d Cir. 2020) (*per curiam*) ("Saisi asserted that some defendants were 'in charge of agencies that allowed this to happen,' and that liability stemmed merely from defendants' 'belief' that their conduct would be 'tolerated.' However, a director cannot be held liable 'simply because of his position as the head of the [agency].'" (quoting *Evancho v. Fisher*, 423 F.3d 347, 354 (3d Cir. 2005)).

B.  **Claim Against Defendant Gonzales**

The Due Process Clause of the Fourteenth Amendment protects pretrial detainees like White. *Jacobs v. Cumberland Cty.*, 8 F.4th 187, 193-94 (3d Cir. 2021) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)).[6] In *Jacobs*, the United States Court of Appeals for the Third Circuit noted that in *Bell* the Supreme Court explained that "pretrial detainees, who have not been convicted of any crimes, retain *at least* those constitutional rights that we have held are enjoyed by convicted prisoners." *Id.* at 194 (citing *Bell*, 441 U.S. at 545 (emphasis added). Later, in *Graham v. Connor*, 490 U.S. 386 (1989), the Supreme Court explained that it was "clear" that the Fourteenth Amendment protects pretrial detainees from "the use of excessive force that amounts to punishment." *Graham*, 490 U.S. at 395 n.10.

"Unconstitutional punishment typically includes both objective and subjective components." *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007). "[T]he objective component requires an inquiry into whether the deprivation was sufficiently serious and the subjective component asks whether the officials acted with a sufficiently culpable state of mind." *Id.* (internal quotations and alterations omitted). In that regard, "a 'particular measure amounts to punishment when there is a showing of express intent to punish on the part of detention facility officials, when the restriction or condition is not rationally related to a legitimate non-punitive government purpose, or when the restriction is excessive in light of that purpose.'" *Bistrian v. Levi*, 696 F.3d 352, 373 (3d Cir. 2012) (quoting *Stevenson*, 495 F.3d at 68); *Steele v. Cicchi*, 855 F.3d 494, 504 (3d Cir. 2017). Courts should consider the totality of the circumstances in evaluating such a claim. *Bistrian*, 696 F.3d at 373 ("In evaluating a pretrial detainee's claim of

---

[6] The *Jacobs* Court noted that the United States Supreme Court has not yet determined whether pretrial detainees can bring excessive force claims under the Fourth Amendment. *Id.* at 194, n.4 (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 408 (2015) (Alito, J., dissenting)).

4

unconstitutional punishment, courts must examine the totality of the circumstances within the institution."). Furthermore, "[i]n determining whether restrictions or conditions are reasonably related to the Government's interest in maintaining security and order and operating the institution in a manageable fashion," courts are obligated to keep in mind that "such considerations are peculiarly within the province and professional expertise of corrections officials . . . ." *Stevenson*, 495 F.3d at 68 n.3.

Liberally construed, White's allegations that Sgt. Gonzales used a chemical agent states a plausible claim and will be served for a responsive pleading since there is no suggestion that her use of the agent was reasonably necessary. *But see Gibson v. Flemming*, 837 F. App'x 860, 862 (3d Cir. 2020) ("The use of chemical agents to subdue recalcitrant prisoners is not cruel and unusual when reasonably necessary.") (quoting *Soto v. Dickey*, 744 F.2d 1260, 1270 (7th Cir. 1984)); *see also Passmore v. Ianello*, 528 F. App'x 144, 147 (3d Cir. 2013) (*per curiam*) (explaining that the use of chemical agents is not a *per se* constitutional violation).

## IV. CONCLUSION

For the foregoing reasons, the Court will grant White leave to proceed *in forma pauperis* and dismiss his claims against Defendants Donate and Russel without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Because the Court cannot say at this time that White can never state plausible claims against these Defendants, he will be granted the option of filing an amended complaint or proceeding only on his claim against Defendant Gonzales. An order follows with additional information about amendment.

**BY THE COURT:**

*/s/ Eduardo C. Robreno*
**EDUARDO C. ROBRENO, J.**