IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIE WHITE, Jr. : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 22-CV-1226 |
| : | |
| SGT. TATIYANNA GONZALES, *et al.*, : | |
|     Defendants. : | |

## MEMORANDUM

**ROBRENO, J.**                                                                                         **MAY 23 , 2022**

In a prior Memorandum and Order, the Court dismissed certain civil rights claims brought by Plaintiff Willie White, Jr., an inmate at Lehigh County Jail ("LCJ"). *White v. Gonzales*, No. 22-1226, 2022 WL 1121031 (E.D. Pa. Apr. 14, 2022). The claims against Defendants LCJ Director Janine Donate and LCJ Warden Kyle Russel were dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim and White was provided the opportunity to file an amended complaint. He was advised that, if he chose not to amend, the original Complaint would be served on Defendant Sgt. Tatiyanna Gonzales only to file a responsive pleading to a claim against her that Court determined was plausible on statutory screening. Thereafter, White filed a pleading he labeled "Amended Claims." (ECF No. 9.) This pleading was deficient as an amended complaint. An Order filed on April 28, 2022 (ECF No. 10) struck the pleading and again advised White of his options to proceed only against Defendant Gonzalez or file an amended complaint to attempt to cure the defects previously identified by the Court. White has now returned with an Amended Complaint (ECF No. 11). In this version, he lists only Defendants Donate, Russel, and LCJ Head of Treatment Steve Miller in the caption, and indicates he is naming them in their official capacities. He did not name Gonzalez in the caption, and has failed to reallege any facts about the incident he described previously involving

Gonzalez in the body of the pleading. For the reasons that follow the Amended Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I.  **FACTUAL ALLEGATIONS**

While White's original pleading centered on his assertion that Gonzales engaged in excessive force by spraying O.C.[1] in his eyes and sprayed the substance again into his mouth while he was already choking, (*see* Compl. at 5),[2] in the Amended Complaint White alleges in conclusory fashion that the other Defendants collectively "knew of the civil violations and allowed them constituting deliberate indifference." (Am. Compl. at 5.) He goes on to assert, also in conclusory fashion, that his constitutional right to be free from cruel and unusual punishment was violated by Sgt. Gonzalez "as a pretrial detainee," and was witnessed by inmates, corrections officers, "and most importantly the camera." (*Id*. at 6.) However, he fails to allege any facts describing the incident.

A handwritten attachment to the form he used to file his Amended Complaint contains numerous conclusory assertions that White has rights as a pretrial detainee to be free from arbitrary and capricious punishments. For example, he claims "[f]or L.C.J. to have knowledge of the incident that took place between myself and Sgt. Gonzalez (and the circumstances involved) and standby and say or do nothing shows their complicity, in the crime. . . . My 8th and 14 Amendment were clearly established at the time the violations occurred. Lehigh County Jail is operated in an unconstitutional manner." (*Id*. at 13-14 (parenthetical in original).) He asserts "LCJ" found him guilty of a misconduct – perhaps related to the incident involving Sgt. Gonzalez, but unclear – when video evidence showed the contrary. He asserts this constituted

---

[1] "O.C." is an apparent reference to oleoresin capsicum, a type of pepper spray.

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

2

bias and was arbitrary. (*Id*. at 14.) He alleges that "in Sgt. Gonzales attempt to restrain me, she acted with deliberate indifference for my safety and well being" but again offers no description of the actual events in which she allegedly did so. (*Id*.) He appears to seek to hold Director Donate, Warden Russel, and Miller liable "by ways of master-servant rule" and a theory of indemnification. He asserts he has been punished and retaliated against for filing grievances and civil suits but does not identify who acted to do this. (*Id*.) He also lists conclusory terms such as "lack of training 8th Amendment violation" with no context provided for how any such violation occurred. (*Id*.) White seeks money damages. (*Id*. at 6.)

## II.  STANDARD OF REVIEW

As the Court granted White leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss White's Amended Complaint if it fails to state a claim. The Court must determine whether the Amended Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As White is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III. DISCUSSION

White seeks money damages for violation of his constitutional rights. The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code, which provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

#### A.   **Claims Against Defendants Donate, Russel and Miller**

The Court previously dismissed individual capacity claims against Director Donate and Warden Russel because, other than list them in the caption and the list of Defendants, White never mentioned them in the body of his Complaint and made no allegations that could be inferred to apply to them. White was informed about the legal requirements for holding supervisory officials liable under § 1983 and allowed the opportunity to file an amended complaint with regard to these Defendants if he was able to allege plausible civil rights claims against them. *White*, 2022 WL 1121031 at *2, n 5. Rather than attempt to cure the defects in the individual capacity claims, White has asserted official capacity claims against Donate and Russel and added an official capacity claim against Defendant Miller.

Official capacity claims against county officials like employees of LCJ are indistinguishable from claims against Lehigh County. *See Kentucky v. Graham*, 473 U.S. 159,

165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978)). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* To plead a basis for liability against a municipal entity such as Lehigh County under § 1983, a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978). "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009). "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'" *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "'Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'" *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). For a custom to be the proximate cause of an injury, a plaintiff must establish that the Defendant "had knowledge of similar unlawful conduct in the past, failed to take precautions against future violations, and that its failure, at least in part, led to [plaintiff's] injury." *Id.* (internal quotations and alterations omitted). Allegations that simply paraphrase the standard for municipal liability, are too vague and generalized to support a plausible claim. *See, e.g.*, *Szerensci v. Shimshock*, No. 20-1296, 2021 WL 4480172, at *7 (W.D. Pa. Sept. 30, 2021) ("Plaintiffs' conclusory allegation, which generally paraphrases the relevant standard, is insufficient to state a claim for § 1983 liability under *Monell*.") (citing cases).

A plaintiff may also state a basis for municipal liability by "alleging failure-to-supervise, train, or discipline . . . [and alleging facts showing] that said failure amounts to deliberate indifference to the constitutional rights of those affected." *Forrest v. Parry*, 930 F.3d 93, 106 (3d Cir. 2019). "This consists of a showing as to whether (1) municipal policymakers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Id.*

As the United States Court of Appeals recently stated,

> If the alleged policy or custom at issue is a failure to train or supervise (as it is here), the plaintiff must show that this failure "amounts to 'deliberate indifference' to the rights of persons with whom [the municipality's] employees will come into contact." *Thomas v. Cumberland Cty.*, 749 F.3d 217, 222 (3d Cir. 2014) (quoting *Carter v. City of Phila.*, 181 F.3d 339, 357 (3d Cir. 1999)). "Ordinarily," this requires a plaintiff to identify a "'pattern of similar constitutional violations by untrained employees'" that "puts municipal decisionmakers on notice that a new program is necessary." *Id.* at 223 (quoting *Connick v. Thompson*, 563 U.S. 51, 62 (2011)). Otherwise, the plaintiff needs to show that failure to provide the identified training would "likely . . . result in the violation of constitutional rights" — i.e., to show that "the need for more or different training [was] so obvious." *City of Canton v. Harris*, 489 U.S. 378, 390 (1989).

*Johnson v. City of Phila.*, 975 F.3d 394, 403 (3d Cir. 2020).

White's conclusory allegation that "LCJ" knew about the incident involving Sgt. Gonzales and did nothing about it fails to allege a plausible *Monell* claim. White does not allege that a policy or custom of Lehigh County caused a violation of his constitutional rights. While he alleges in conclusory fashion that "LCJ" had knowledge of the particular incident with Sgt. Gonzales, he does not allege that any named Defendant had knowledge of similar unlawful conduct in the past, failed to take precautions against future violations, and that this failure, at

6

least in part, led to his injury. Finally, he makes no allegations to support a plausible failure to train theory.

Rather, White seeks to hold Lehigh County liable, by way of his official capacity claims against Donate, Russel and Miller, under a "master-servant rule" and a theory of indemnification. (Am. Compl. at 14.) Local governments, however, can only be liable for "their *own* illegal acts." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (emphasis in original) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986)); *see Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 665-83 (1978). This limitation is based on the well-established principle that municipalities "are not vicariously liable under § 1983 for their employees' actions." *Connick*, 563 U.S. at 60; *Monell*, 436 U.S. at 691 ("[A] municipality cannot be held liable *solely* because it employs a tortfeasor — or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory.") (emphasis in original). Because municipalities are not liable under § 1983 based solely on the conduct of their employees, the official capacity claims based on a "master-servant rule" and a theory of indemnification are dismissed.

Because White may not have understood the implication of his choice to name Donate, Russel and Miller in their official capacities when he checked that box on the form Complaint he used, the Court will liberally construe the Amended Complaint to also assert claims against these Defendants in their individual capacities. So construed, the claims are still not plausible. As mentioned, White was told previously that to hold supervisory officials liable under § 1983 in the individual capacities he would have to plausibly assert facts showing that they "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *White*, 2022 WL 1121031, at *2 n.5 (citing *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014) (quoting *A.M. ex rel. J.M.K. v. Luzerne*

*Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original))). Alternatively, he could allege facts showing these Defendants directly participated in violating his rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id.* White was also told that generalized allegations that a supervisory defendant is "in charge of" or "responsible for" an office or facility are insufficient to allege personal involvement in an underlying constitutional violation. *Id.*

White's allegations – stripped of conclusory statements, *see Iqbal*, 556 U.S. at 678 – offer nothing to cure the defects the Court previously identified in his claims against Donate and Russel. White never mentions Donate, Russel or Miller by name or ascribes any act to any of them. His assertions that "LCJ" had knowledge and "LCJ" found him guilty of a misconduct or retaliated against him fail to allege plausible individual capacity claims against Donate, Russel or Miller. Accordingly, the individual capacity claims against them are dismissed.

  **B.**  **Leave to Amend**

Having afforded White an opportunity to cure the defects in his original Complaint and concluding he has been unable to do so, the Court also concludes that further amendment to raise claims against Donate, Russel and Miller would be futile. *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story"). However, conscious that White is proceeding *pro se*, that he was able previously to allege a plausible claim against Sgt. Gonzales, and may not have understood that he needed to reassert that claim in its entirety in his amended pleading, the Court will afford him one final opportunity to reassert that claim in a second amended complaint. It is White's responsibility to "flesh out [his] allegations by . . . explaining in [the] amended complaint the 'who, what, where, when and why' of [his]

8

claim." *See Davis v. Internal Revenue Serv.*, No. 21-4728, 2022 WL 407639, at *3 (E.D. Pa. Feb. 9, 2022); (citing *Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019)). In other words, White should provide as much factual information as possible about the incident with Sgt. Gonzales so that Defendant Gonzales is on notice of the claim asserted.

### IV. CONCLUSION

For the foregoing reasons, the Court will dismiss White's claims against Defendants Donate, Russel and Miller with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. White may file a second amended complaint to reassert his claim against Sgt. Gonzales. An order follows with additional information about amendment.

                                                      **BY THE COURT:**

                                                      */s/ Eduardo C. Robreno*
                                                      **EDUARDO C. ROBRENO, J.**