## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIE WHITE, Jr.** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 22-CV-1226** |
| | : | |
| **SGT. TATIYANNA GONZALES,** *et al.*, | : | |
| **Defendants.** | : | |

### ORDER

AND NOW, this **23rd** day of **May, 2022**, upon consideration of Plaintiff Willie White, Jr.'s *pro se* Amended Complaint (ECF No. 11), it is **ORDERED** that:

1.      The Clerk of Court is **DIRECTED** to amend the caption of this case to reflect the caption of the Amended Complaint.

2.      The Amended Complaint is **DISMISSED IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for the reasons stated in the Court's Memorandum as follows:

      a.      All claims asserted against Defendants Janine Donate, Kyle Russel, and Steve Miller are **DISMISSED WITH PREJUDICE**.  The Clerk of Court is **DIRECTED** to terminate Janine Donate, Kyle Russel, and Steve Miller as Defendants.

3.      White may file a second amended complaint within thirty (30) days of the date of this Order in the event he seeks to reassert a claim against Defendant Gonzales.  Any second amended complaint must identify all defendants in the caption of the second amended complaint in addition to identifying them in the body of the second amended complaint and shall state the basis for White's claims against each defendant.  **The amended complaint shall be a complete**

**document that does not rely on the initial Complaint or other papers filed in this case to state a claim.** When drafting his amended complaint, White should be mindful of the Court's reasons for dismissing the claims in his Amended Complaint as explained in the Court's Memorandum. **White may not reassert a claim against a Defendant that has already been terminated from this case.** Upon the filing of a second amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

      4.      The Clerk of Court is **DIRECTED** to send White a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. White may use this form to file his second amended complaint if he chooses to do so.[1]

      5.      If White does not wish to amend his Amended Complaint and instead intends to stand on his Amended Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Amended Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those

---

[1] This form is available on the Court's website at
http://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf.

claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

6.      If White fails to file any response to this Order, the Court will conclude that White intends to stand on his Amended Complaint and will issue a final order dismissing this case.[2]  *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

**BY THE COURT:**

*/s/ Eduardo C. Robreno*
**EDUARDO C. ROBRENO, J.**

---

[2] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint.  *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*).  Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading.  *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).